**FLEET BANK OF MAINE, Plaintiff,**

**and**

**Federal Deposit Insurance Corporation, Plaintiff and Counterclaim Defendant,**

**v.**

**John D. DRUCE, Charlotte Druce, SPI Liquidating Trust, County Enterprises, Inc., Ruth Zollinger, John Dix Druce, Jr., Robert Zollinger, Raymond Zollinger, George Zollinger, Jennifer Druce, Defendants and Counterclaim Plaintiffs.**

Civ. No. 91–0053–B–C.

United States District Court, D. Maine.

April 28, 1992.

See also 791 F.Supp. 14.

---

Jerrol A. Crouter, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for Fleet Bank.

Jeffrey M. White, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for SPI Liquidating.

George F. Burns, Amerling & Burns, Portland, Me., for Zollinger.

John N. Kelly, Kelly, Remmel & Zimmerman, Portland, Me., for Druce.

## ORDER DENYING DEFENDANTS ZOLLINGERS' MOTION FOR SEVERANCE OF COUNT IX

GENE CARTER, Chief Judge.

Pursuant to Federal Rule of Civil Procedure 42(b),[1] the Zollinger Defendants seek to sever the claims against them under Count IX[2] of Plaintiff Fleet Bank's Complaint, pending a determination of the liability and damages against the dissolved corporation in the underlying suit. *See* Memorandum in Support of Zollinger Defendants' Motion for Summary Judgment and Motion in the Alternative for Severance of Claims ("Defendants' Memorandum") at 15. The Zollinger Defendants note that they are in a different practical position from the other Defendants.[3] They conclude that they "have no reason to attend or send their lawyer to the trial until the issue of their supposed derivative liability under [Uniform Fraudulent Transfer Act] must be addressed." Reply Brief at 4.[4] Defendants also assert that commingling the UFTA issues with the trial of the core "fraud" claim will be confusing and time-consuming. *Id.* at 5.

Plaintiff argues that the Rule 42(b) factors underlying severance militate against such severance in this case. *See* Memorandum in Opposition to Zollinger Defendants' Motion for Summary Judgment or for Severance at 8. Plaintiff notes that the test under Rule 42(b) is "whether one trial or separate trials will best serve the convenience of the parties and court, avoid prejudice and minimize expense and

1. Rule 42(b) reads as follows:
   The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or of any number of claims ... always preserving inviolate the right of trial by jury....

2. Under Count IX, Plaintiff alleges the following:
   85. Any distribution from SPI [Liquidating Trust] to defendants at or after the closing on October 21, 1988, directly or as transferees from SPI Liquidating Trust, was without a reasonably equivalent value to SPI.
   86. Any distribution from SPI to defendants at or after the closing on October 21, 1988, directly or as transferees from SPI Liquidating Trust, was made with actual intent to hinder, delay or defraud Maine Savings Bank, Spruce Point Inn Partners, Spruce Point Inn Development Corporation, Macket and Rasor.
   87. Any distribution from SPI to defendants, directly or as transferees from SPI Liquidating Trust, was made without reasonably equivalent value and at a time when SPI intended, believed or reasonably should have believed that it would be unable to pay as such debts became due.
   88. Any such distributions to defendants are voidable under 14 M.R.S.A. §§ 3575(1) and 3576(1).
   Count IX is the only remaining count that names the Zollingers as Defendants.

3. They state: "John Dix Druce, Jr. and Jennifer Fehlau are represented by John Kelly's office, the same office which represents John and Charlotte Druce, who are obviously key defendants in this litigation and who will be at the trial in any event." The Zollingers' Reply Brief in Support of Their Motion for Summary Judgment and for Severance ("Reply Brief") at 4.

4. They note that section 3578 of Maine's Uniform Fraudulent Transfer Act ("UFTA"), 14 M.R.S.A. § 3578, only empowers Plaintiff to seek avoidance of the transfer "to the extent necessary to satisfy the creditor's claim." Defendants' Memorandum at 15.

delay." *Id.* (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2388 at 283 (1971)).

First, Plaintiff's UFTA claims under Count IX are asserted against all of the individual Defendants, including the Druces. The Druce Defendants have not requested that those claims be severed. As a result, Count IX will be litigated in the main case whether or not the UFTA claims against the Zollinger Defendants are severed. Plaintiff argues that "[t]wo jury trials on the same issue is [sic] not only contrary to judicial economy, it also carries with it the risk of inconsistent results." *Id.*

Second, Plaintiff argues that the same problems would result even if the UFTA claims against all of the Defendants were severed. For example, it asserts that the necessary evidence to establish intent to defraud under UFTA will be the same as the evidence offered to prove fraud under Plaintiff's principal fraud claims. Similarly, "an UFTA violation under section 3575(1)(B)(2) requires proof that SPI intended to incur, or believed or reasonably should have believed that [it] would incur debts beyond its ability to pay." *Id.* This proof is essentially the same proof required under 13–A M.R.S.A. section 720, the basis for Plaintiff's claim against Defendant directors under Count VIII. Plaintiff concludes on this point that where the initial and separate trials would involve substantially the same facts, and where any savings in time and expense is wholly speculative, severance should be denied. *Id.* (citing C. Wright & A. Miller, *supra* at 281).

Lastly, Plaintiff argues that the Zollinger Defendants will not be prejudiced if Count IX is not severed. According to Wright and Miller, "prejudice" under Rule 42 relates to situations "where evidence admissible only on a certain issue may prejudice a party in the minds of the jury on other issues." C. Wright & A. Miller, *supra* at 281. The only prejudice identified by the Zollinger Defendants is the time and expense of attending trial.

The Court finds an absence of considerations, including prejudice to the Zollinger Defendants; convenience, occasioned to the Zollinger Defendants; and judicial economy. Therefore, Defendants' request for severance of Count IX must be dismissed pursuant to Rule 42. The Court finds, *inter alia,* that the "interest of efficient judicial administration," *see* C. Wright & A. Miller, *supra* at 279, would not be served by severing Count IX from the trial.[5] Therefore, it is hereby *ORDERED* that Defendants' Motion be *DENIED.*

---

5. As Wright and Miller noted:
   It is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties. The piecemeal trial of separate issues in a single suit is not to be the usual course. It should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule.
   C. Wright & A. Miller, *supra* at 279.